UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN CRENSHAW, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV336 JCH |
| ) | |
| STEVE LARKINS, ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Steven Crenshaw's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On August 18, 2000, a jury in the Circuit Court of the City of St. Louis, Missouri, found Petitioner guilty of one count of assault in the first degree and one count of armed criminal action. Petitioner was sentenced to nineteen years imprisonment for assault in the first degree and eleven years imprisonment for armed criminal action, with the sentences to run consecutively. Petitioner's convictions and sentence were affirmed on appeal. State v. Crenshaw, 66 S.W.3d 109 (Mo. Ct. App. 2001). Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. No notice of appeal was filed, and Petitioner moved to reopen his post-conviction case on March 25, 2005, on the ground of abandonment. On June 2, 2006, Petitioner moved to set aside the motion court's judgment for lack of notice. On August 7, 2006, after an evidentiary hearing, the motion court found that post-conviction counsel abandoned Petitioner by failing to file a timely notice of appeal and effectively reentered its previous order, thus permitting Petitioner to appeal. The Missouri Court of Appeals dismissed Petitioner's

appeal for lack of a timely notice of appeal, and on a motion to transfer, the Missouri Supreme Court affirmed the motion court's dismissal. Crenshaw v. State, 266 S.W.3d 257 (Mo. banc 2008).

Petitioner is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following three claims for relief:

(1) The trial court violated Petitioner's due process rights and right to a speedy trial by denying Petitioner's motion to dismiss his indictment pursuant to Missouri's Uniform Mandatory Disposition of Detainers Law ("UMDDL"), R.S.Mo. § 217.450 *et seq.*, since the State failed to bring Petitioner's case to trial within 180 days;

(2) The trial court violated Petitioner's due process rights and right to a fair trial by denying Petitioner's Rule 29.15 motion, which asserted Petitioner's trial counsel was ineffective by failing to subpoena and call alibi witness Tracy Shanklin to testify at trial; and

(3) The trial court violated Petitioner's right to effective counsel and right to a fair trial by denying Petitioner's Rule 29.15 motion, which asserted Petitioner's trial counsel was ineffective by moving for a continuance without Petitioner's consent or knowledge.

(Petition Under 28 U.S.C. § 2254 For Write of Habeas Corpus By a Person in State Custody ("Petition"), ECF No. 1, pp. 12-14).

## DISCUSSION

**A.    Non-Cognizable Claim**

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be

addressed in a petition for habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In Ground 1 of his Petition, Petitioner claims the trial court erred in denying his motion to dismiss his indictment pursuant to Missouri's UMDDL for failure to bring Petitioner's case to trial within 180 days. (Petition, p. 12). Petitioner claims this failure violated his due process rights and his right to a speedy trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

"Violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994). Such a claim is based only on Missouri law and actions of Missouri officials, and it may be addressed only by Missouri courts. Id. "A violation of Missouri's speedy trial law, without more, is not cognizable in habeas and does not justify relief under § 2254." Id. In rejecting Petitioner's argument on his direct appeal, the Missouri Court of Appeals made no mention of Petitioner's constitutional arguments and solely addressed the application of Missouri's UMDDL.

Therefore, Petitioner's claim that the trial court erred in denying his indictment because the State failed to bring his case to trial pursuant to Missouri's Uniform Mandatory Disposition of Detainers Law is not cognizable in a federal habeas petition. Ground 1 is denied.

### B.     **Claims Addressed on the Merits**

#### 1.     **Ground 2**

In Ground 2 of his Petition, Petitioner claims the post-conviction motion court erred in denying his Rule 29.15 motion, which asserted Petitioner's trial counsel was ineffective by failing to subpoena and call alibi witness Tracy Shanklin to testify at trial. The 29.15 post-conviction motion court denied the claim as follows:

FINDINGS OF FACT

...

14. Second, Mr. Crenshaw alleges that Mr. Kavanaugh was ineffective for failing to investigate, subpoena, and call Tracy Shanklin, Mr. Creshaw's lover, who would have provided Mr. Crenshaw with an alibi.

15. Mr. Kavanaugh did not fail to investigate Ms. Shanklin. He spoke with Ms. Shanklin by telephone on June 19, 2000, regarding her proposed testimony, and he secured her agreement to cooperate in Mr. Crenshaw's defense. Mr. Kavanaugh spoke with her by telephone again on July 17, 2002, again discussing her proposed testimony, advised her of the trial date, and again obtained her commitment to testify. This finding is based on the testimony of Mr. Kavanaugh, which the Court finds credible, and based on the Court's rejection of Ms. Shanklin's testimony, which the Court finds incredible.

16. Mr. Kavanaugh did fail to subpoena Ms. Shanklin. He did not subpoena her because based on his telephone conversations of June 19, 2000, and July 17, 2002, a third telephone conversation between Mr. Kavanaugh and Ms. Shanklin at 6:00 a.m. on August 17, 2000, the second day of trial, during which Ms. Shanklin agreed to appear in Court at 10:00 a.m. that day, and a fourth telephone conversation at 10:30 a.m. that day wherein Ms. Shanklin said that she would come at once. This finding is based on the testimony of Mr. Kavanaugh, which the Court finds credible, and the Court's rejection of Ms. Shanklin's testimony, which the Court finds incredible.

17. Mr. Kavanaugh did fail to call Ms. Shanklin to testify: she never appeared.

18. In failing to subpoena Ms. Shanklin Mr. Kavanaugh did not fail to exercise the customary skill a reasonably competent attorney would have exercised in similar circumstances: a reasonably skilled attorney, knowing Ms. Shanklin's relationship with Mr. Crenshaw and knowing of Ms. Shanklin's repeated assurances that she would testify, would not have deemed it necessary to subpoena her. See, State v. Norfolk, 807 S.W.2d 105, 109 (Mo. App. 1990).

19. In failing to call Ms. Shanklin Mr. Kavanaugh did not fail to exercise the customary skill a reasonably competent attorney would exercise under similar circumstances.

20. Mr. Crenshaw was not prejudiced by the failure of Mr. Kavanaugh to present Ms. Shanklin's alimony [sic] testimony. Ms. Shanklin did not learn that Mr. Crenshaw had been charged until several months after the crimes, and it is not plausible that she would remember that she was with him the night that the crimes were committed. In all likelihood, the jury would have concluded that Ms. Shanklin's

testimony was perjured, and its presentation would have hindered Mr. Creshaw rather than have aided him. Her testimony would not have provided Mr. Crenshaw with a viable defense.

(Resp. Ex. J, pp. 61-62).

After the court found his claim of ineffective assistance of counsel to be without merit, Petitioner advanced the claim on appeal of the denial of his 29.15 motion. The Missouri Supreme Court denied the claim as follows:

> As to Mr. Crenshaw's underlying claim of ineffective assistance of counsel, this Court finds Mr. Crenshaw's claims to be without merit. Mr. Crenshaw was convicted of assault in the first degree and armed criminal action for shooting Darwin Beck. At trial, Mr. Beck identified Mr. Crenshaw as the shooter. Mr. Crenshaw presented an alibi defense, testifying that he spent the night of the shooting with a female friend. His female friend, who was not subpoenaed, did not appear at trial so she was not available to testify.
>
> Mr. Crenshaw contends that the motion court erred in denying his claim that trial counsel was ineffective in two respects. He first asserts that trial counsel's failure to subpoena his female friend, whose testimony would have supported his alibi defense, was conduct that did not conform to the degree of professional skill and diligence of a reasonably competent attorney and that, absent this failure, there is a reasonable probability the outcome of his case would have been different. Second, Mr. Crenshaw asserts that trial counsel was ineffective in moving to continue his case without his approval.
>
> In order to plead a claim for ineffective assistance of counsel, Mr. Crenshaw must allege facts showing that counsel's performance did not conform to the degree of professional skill and diligence of a reasonably competent attorney and that he was thereby prejudiced. State v. Brooks, 960 S.W.2d 479, 497 (Mo. banc 1997). To demonstrate prejudice, Mr. Crenshaw must allege facts showing a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
>
> Mr. Crenshaw argues that trial counsel's failure to subpoena and call his female friend to testify at trial constituted ineffective assistance of counsel. The evidence at the motion hearing was that trial counsel knew of the witness and located her. He spoke with her multiple times, and she agreed to testify. Trial counsel believed that she would do so because of her intimate relationship with Mr. Crenshaw. Because of the witness' assurance that she would appear at trial and testify, trial counsel did not subpoena her.

- 5 -

> Trial counsel is not ineffective for failing to subpoena a witness to testify at trial if the conduct of the witness is such that trial counsel was reasonable in believing the witness would appear to testify without a subpoena. State v. Norfolk, 807 S.W.2d 105 (Mo. App. 1990). The evidence in this case of the assurances of Mr. Crenshaw's female friend that she would appear at trial to testify, and her motivation to testify because of her relationship with Mr. Crenshaw, is sufficient to support the motion court's finding that trial counsel was not ineffective in failing to subpoena her as a witness. In addition, there is sufficient evidence to support the motion court's finding that the friend's testimony, at the motion hearing, was not credible and that Mr. Crenshaw was not prejudiced by her failure to testify because the jury was likely to believe her alibi testimony was perjured.

(Resp. Ex. M, pp. 4-5).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states as follows:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient" and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds the decisions of the Missouri courts are entitled to deference. Petitioner fails to show that trial counsel's performance was "deficient" under the first prong of the test in Strickland. Trial counsel is not ineffective for failing to obtain the presence of a witness during trial, even though the witness was not subpoenaed, where counsel had assurances from the witness that the witness would appear in court and counsel attempted to contact the witness after the witness failed to appear. State v. Norfolk, 807 S.W.2d 105, 109 (Mo. Ct. App. 1990). Petitioner's trial counsel testified at the evidentiary hearing on Petitioner's 29.15 motion that Petitioner gave him Ms. Shanklin's name as an alibi witness and that he contacted Ms. Shanklin. (Resp. Ex. L, p. 34). Ms. Shanklin informed Petitioner's trial counsel that she had been physically intimate with Petitioner for the past two and a half years. (Id., at pp. 45-46). Petitioner's trial counsel testified that Ms. Shanklin was "very cooperative" and "very friendly," and she indicated to Petitioner's trial counsel that she would "be any place, anywhere, any time that [Petitioner's trial counsel] wanted her to be in connection with [Petitioner's] trial." (Id., at p. 36). Petitioner's trial counsel did not think Ms. Shanklin would not appear to testify, and he called her twice on the day she was set to testify after she failed to appear. (Id., at pp. 39-40). Therefore, Petitioner's trial counsel's actions were not objectively unreasonable, but rather fell within the wide range of professionally competent assistance sanctioned by Strickland, 466 U.S. at 690.

The Court finds Petitioner also fails to demonstrate that his trial counsel's allegedly deficient performance was prejudicial under the second prong of the test in Strickland. Petitioner has not demonstrated that Ms. Shanklin's testimony would have yielded a different outcome. The State presented eyewitness testimony from the victim of the assault that Petitioner was the perpetrator. (Resp. Ex. E, pp. 202-03). Additionally, due to Ms. Shanklin's relationship with Petitioner and the length of time that passed between the assault and Ms. Shanklin's first contact with Petitioner's trial counsel, the jury would likely have determined Ms. Shanklin's testimony was perjured. (See Resp. Ex. L, pp. 8-10, 35). Under these circumstances, the Missouri state courts' findings that trial counsel's failure to subpoena Ms. Shanklin was not deficient, and that the result of the proceeding would likely have been the same absent trial counsel's alleged error, were not an unreasonable application of clearly established Federal law, nor were they based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Petitioner's request for habeas relief on this ground must therefore be denied.

**2.      Ground 3**

In Ground 3 of his Petition, Petitioner claims the trial court erred in denying his Rule 29.15 motion, which asserted Petitioner's trial counsel was ineffective by moving for a continuance without Petitioner's consent or knowledge. The 29.15 post-conviction motion court denied the claim as follows:

FINDINGS OF FACT

...

> 12.    First, Mr. Crenshaw alleges that Mr. Kavanaugh was ineffective because on February 9, 2000, without Mr. Crenshaw's knowledge or consent, Mr. Kavanaugh successfully moved for a continuance of Mr. Crenshaw's trial from February 9, 2000, to March 9, 2000.

- 8 -

> 13. Mr. Crenshaw, not Mr. Kavanaugh, moved for a continuance of Mr. Crenshaw's trial on February 9, 2000. The Court so found before sentencing Mr. Crenshaw, and this finding was affirmed on appeal.

(Resp. Ex. J, p. 61).

After the court found his claim of ineffective assistance of counsel to be without merit, Petitioner advanced the claim on appeal of the denial of his 29.15 motion. The Missouri Supreme Court denied the claim as follows:

> Mr. Crenshaw further claims that trial counsel was ineffective in moving for a continuance without Mr. Crenshaw's consent or knowledge. Mr. Crenshaw requested final disposition of his case within 180 days as provided for under the Uniform Mandatory Disposition of Detainers Law (UMDDL). Mr. Crenshaw asserts that, but for the continuance, the trial court would have been required to dismiss all charges against him at the time of trial for failure to dispose of his case within the 180–day period. Mr. Crenshaw claims that because he asserted his speedy trial rights under the UMDDL, it was unreasonable for trial counsel to move for a continuance without Mr. Crenshaw's approval. At the time of the continuance, however, Mr. Crenshaw had no counsel. Mr. Crenshaw did not qualify for representation by the public defender and had not hired an attorney himself. As such, there can be no assertion of ineffective assistance of counsel when no counsel moved for the continuance.

(Resp. Ex. M, p. 5).

As noted above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Again, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to deference. According to the docket sheet from the trial court, Petitioner moved for a continuance of the trial date on February 9, 2000. (Resp. Ex. C, p. 1). The Order granting the continuance indicates it was entered "at the request of the Deft." (Resp. Ex. D, p. 2). No public defender was representing Petitioner at the time because Petitioner was not indigent (Resp. Ex. D, p. 1), and Mr. Kavanaugh did not enter his appearance for Petitioner until April 20, 2000. (Resp. Ex. 1). Since Petitioner's trial counsel did not move for the continuance, there is no need to analyze trial counsel's alleged decision to request the continuance under Strickland. Thus, the Missouri state courts' finding that trial counsel's performance was not deficient nor outcome-determinative because trial counsel did not move for the continuance was not an unreasonable application of clearly established Federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Petitioner's request for habeas relief on this ground must therefore be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this   15th   day of March, 2012.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE